**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Emmanuel UZUEGBUNAM,**
**Defendant—Appellant.**

No. 06–6155.

United States Court of Appeals,
Fourth Circuit.

Submitted April 27, 2006.

Decided May 8, 2006.

Emmanuel Uzuegbunam, Appellant Pro Se. Andrew Gerald McBride, Wiley, Rein & Fielding, L.L.P., Washington, D.C., for Appellee.

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Emmanuel Uzuegbunam seeks to appeal the district court's order construing as a motion filed pursuant to 28 U.S.C. § 2255 (2000), his motion to recall the district court's order previously dismissing his petition for a writ of error coram nobis, and then dismissing it for lack of jurisdiction as an unauthorized successive motion. An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). When, as here, a district court dismisses a § 2255 motion solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). We

§ 2241, we decline to consider the case under       § 2255.

have independently reviewed the record and conclude that Uzuegbunam has not made the requisite·showing. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Finally, in accordance with *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir.2003), we construe Uzuegbunam's notice of appeal and informal brief as a motion for authorization under 28 U.S.C. § 2244 (2000), to file a successive habeas corpus motion. To obtain permission to bring a second or successive § 2255 motion, a movant must show that his claim: (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) relies on newly discovered facts that tend to establish the movant's innocence. 28 U.S.C. § 2244. We conclude that Uzuegbunam has not satisfied either standard.

Accordingly, we deny Uzuegbunam's implicit application for leave to file a successive § 2255 motion, deny his motion for a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*